**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **FOTOMEDIA TECHNOLOGIES, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO. 2:07-cv-255-TJW** |
| | § | |
| **v.** | § | |
| | § | |
| **AOL LLC, AMERICA ONLINE, INC.,** | § | |
| **PHOTOBUCKET.COM, INC., SHUTTERFLY,** | § | **JURY TRIAL DEMANDED** |
| **INC., CNET NETWORKS, INC., AND** | § | |
| **YAHOO! INC.,** | § | |
| | § | |
| **Defendants.** | § | |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **FOTOMEDIA TECHNOLOGIES, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO. 2:07-cv-256-TJW** |
| | § | |
| **v.** | § | |
| | § | |
| | § | **JURY TRIAL DEMANDED** |
| **ALLTEL COMMUNICATIONS, INC.** | § | |
| **SPRINT NEXTEL CORPORATION, SPRINT** | § | |
| **COMMUNICATIONS COMPANY, L.P.,** | § | |
| **DEUTSCHE TELEKOM AG, T-MOBILE** | § | |
| **INTERNATIONAL AG & CO. KG,** | § | |
| **T-MOBILE USA, INC.,** | § | |
| **CELLCO PARTNERSHIP** | § | |
| **d/b/a VERIZON WIRELESS, AND VERIZON** | § | |
| **TRADEMARK SERVICES, LLC,** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF FOTOMEDIA TECHNOLOGIES, LLC'S**
**MOTION FOR PARTIAL RECONSIDERATION OF AND**
**OBJECTIONS TO THE MEMORANDUM OPINION AND ORDER**
**REGARDING CLAIM CONSTRUCTION OF JULY 21, 2009**

Pursuant to Federal Rule of Civil Procedure 72(a), 28 U.S.C. § 636(b)(1), and Rule 4(A) of Appendix B of the Local Rules Of Court For the Assignment of Duties to U.S. Magistrate Judges, Plaintiff FotoMedia Technologies, LLC ("FotoMedia") hereby files its Motion for Partial Reconsideration of and Objections to Magistrate Judge Everingham's July 21, 2009 Memorandum Opinion and Order regarding claim construction [D.I. 322].

Civil Action No. 2:07-cv-255 regards FotoMedia bringing suit against AOL, LLC, American Online, Inc., Photobucket.com, Inc., Shutterfly, Inc., CNet Networks, Inc., and Yahoo!, Inc. ("Website Defendants") for infringement of U.S. Patents Nos. 6,018,774 ("the '774 patent"), 6,542,936 ("the '936 patent"), and 6,871,231 ("the '231 patent") (collectively, "Patents-in-Suit"). Civil Action No. 2:07-cv-256 regards FotoMedia bringing suit against Alltel Communications, Inc., Sprint Nextel Corporation, Sprint Communications Company, L.P., Deutsche Telekom AG, T-Mobile International AG & CO. KG, T-Mobile USA, Inc., Cellco Partnership d/b/a Verizon Wireless, and Verizon Trademark Services, LLC ("Telco Defendants") for infringement of the Patents-in-Suit. FotoMedia files this motion with the intent of preserving appellate issues relating to these terms.

On April 23, 2009, FotoMedia filed its Opening Claim Construction Brief Pursuant to Patent Rule 4-5(a) [D.I. 239] ("FotoMedia's Claim Construction Brief"). On May 15, 2009, FotoMedia filed its Reply Brief Pursuant to Patent Rule 4-5(c) [D.I. 269] ("FotoMedia's Reply Brief"). Following a Claim Construction Hearing before the Magistrate Judge on May 28, 2009 [D.I. 302] ("the transcript of the claim construction hearing"), the Court issued a Memorandum Opinion and Order on July 21, 2009 construing the claim terms at issue.

FotoMedia objects to the Magistrate Judge's construction of the following terms on the grounds set forth below, and requests that the Court reconsider the issued constructions of said

terms and adopt, for each term, the construction set forth in FotoMedia's Claim Construction Brief, FotoMedia's Reply Brief, and its arguments made at the Claim Construction Hearing on May 28, 2009, which are incorporated by reference herein as stated below:

- "a server," which appears in the '774 patent and '936 patent;

- "identifier," which appears in the '774 patent;

- "display," which appears within the larger claim phrase "generate a display" in the '936 patent;

- "request for access to the metadata," which appears in the '231 patent; and

- "user's role determined from the request," which appears in the '231 patent.

FotoMedia objects to the Court's finding that the term "a server" requires that each method step be performed by or each limitation found in a single server computer by defining this term to mean "one server computer."  FotoMedia's arguments in support of its proposed construction of "a server" are set forth at pages 2–3 of FotoMedia's Claim Construction Brief, pages 1–2 of FotoMedia's Reply Brief, and pages 4–12, 42–43, and 125–130 of the transcript of the claim construction hearing.  Specifically, FotoMedia contends that the '774 patent's specification clearly contemplates that "a server" may include multiples servers and/or components, such as storage devices, that are connected to each other and interact with each other over a network.  *See e.g.*, '774 patent col.2 ll.49–52 ("The system comprises at least one server computer connected to a network."); *id*. Fig. 1 (depicting multiple servers as part of the system disclosed).  Thus, The Magistrate Judge's construction of "a server" is clearly erroneous as a matter of law because of "a server" is not limited to one server computer, reciting "at least one" is from a showing of a clear intent to limit all remaining instances of these disputed terms to

only one server, and the specification explicitly references multiple servers. The proper construction is "one or more server computers."

FotoMedia objects to the Court's finding that the term "identifier" requires that an identifier may not identify more than one particular image by defining this term to mean "information uniquely identifying image data." FotoMedia's arguments in support of its proposed construction of "identifier" are set forth at pages 9–10 of FotoMedia's Claim Construction Brief, page 10 and n.77 of FotoMedia's Reply Brief, and pages 38–42 of the transcript of the claim construction hearing. Specifically, "As an alternate embodiment, the permanent card and image data may be retained for additional uses, such as creation of an album of images." '774 patent col.5 ll.63–65. Further, the images stored in the Image Database are not the image data received. Instead, it is: "The other database, called the Image Database 66, stores the images *that have been constructed for the front and back of the card*." *Id.* col.5 ll.35–37 (emphasis added). Thus, the Magistrate Judge's construction of "identifier" is clearly erroneous as a matter of law because the identifier can retrieve one or more displays and that an identifier may be reused for new images or displays. The proper construction is "information for indentifying image data."

FotoMedia objects to the Court's construction of "display" as "image that comprises graphics and/or text." FotoMedia's arguments in support of its proposed construction of "display" are set forth at page 15 of FotoMedia's Claim Construction Brief, page 5 of FotoMedia's Reply Brief, and pages 20–22 and 131–132 of the transcript of the claim construction hearing. Specifically, FotoMedia contends that the '774 patent's specification clearly contemplates that a "display" can include custom generated HTML pages. *See e.g.*, '774 patent col.6 ll.5–8 ("The present invention is adapted to process text and graphic data to create an

electronic postcard that is composed of custom generated HTML pages including generated images within the HTML pages."). Thus, The Magistrate Judge's construction of "display" is clearly erroneous as a matter of law because there is no requirement that the display be visible and the specification teaches that "The data representing the display is in a format that allows for transmission to and viewing on a client computer." *Id.* col.2 ll.54–56. The proper construction is "data that may be viewed."

FotoMedia objects to the Court's construction of "request for access to the metadata" as "a request to access one or more metadata elements apart from a request for the image." FotoMedia's arguments in support of its proposed construction of "request for access to the metadata" are set forth at page 23 of FotoMedia's Claim Construction Brief, page 9 of FotoMedia's Reply Brief, and pages 51–54 of the transcript of the claim construction hearing. Specifically, the specification supports "combined" requests. '231 patent col.3 l.65 to col.4 l.1. Thus, The Magistrate Judge's construction of "a request for access to the metadata" is clearly erroneous as a matter of law because the proper construction is "a request to, for example, view, add, edit, modify, read, write, etc., metadata, wherein the request may be made independently, or in conjunction with any other request."

Additionally, FotoMedia objects to the Court's construction of "user's role determined from the request" as "the user's role is determined from a user ID, class ID, group ID or information about access type contained in the request." FotoMedia's arguments in support of its proposed construction of "user's role determined from the request" are set forth at pages 25–26 of FotoMedia's Claim Construction Brief, page 10 of FotoMedia's Reply Brief, and page 54 of the transcript of the claim construction hearing. Specifically, FotoMedia does not argue that a user's role is not limited to being determined from a particular type of data. *Cf.* [D.I. 322] at 36.

Instead, a user's role must be determined from a particular type of data, but that particular type of data that can be used to derive a user's role is not required by the specification to be contained *in* the request.  *See* '231 patent col.2 ll.3–5; col.3 ll.63–65.  The Magistrate Judge's construction of "user's role determined from the request" is clearly erroneous as a matter of law because importing limitations from preferred embodiments into claims is improper and FotoMedia's construction recognizes that the user's role is determined *from* the request.   The proper construction is "determined from information related to the request."

Accordingly, for the foregoing reasons, FotoMedia's objections to the Court's construction of the terms "server," "identifier," "display," "request for access to the metadata," and "user's role determined from the request," in the July 21, 2009 Memorandum Opinion and Order should be sustained and FotoMedia's request for partial reconsideration should be granted. FotoMedia respectfully requests that the Court reject the currently entered constructions of these specific terms and adopt the constructions proposed by FotoMedia.

Dated:  August 5, 2009                     Respectfully submitted,

                                            MCKOOL SMITH, P.C.

                                            /s/ Robert M. Manley
                                            Mike McKool, *Lead Attorney*
                                            Texas State Bar No. 13732100
                                            mmckool@mckoolsmith.com
                                            Lewis T. LeClair
                                            Texas State Bar No. 12072500
                                            lleclair@mckoolsmith.com
                                            Robert M. Manley
                                            Texas State Bar No. 00787955
                                            rmanley@mckoolsmith.com
                                            Ivan Wang
                                            Texas State Bar No. 24042679
                                            iwang@mckoolsmith.com

300 Crescent Court, Ste. 1200
Dallas, TX 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Travis Gordon White
Texas State Bar No. 21333000
gwhite@mckoolsmith.com
John M. Shumaker
Texas State Bar No. 24033069
jshumaker@mckoolsmith.com
James N. Willi
Texas State Bar No. 00795719
jwilli@mckoolsmith.com
Kristi S. Thomas
Texas State Bar No. 24027909
kthomas@mckoolsmith.com
300 W. 6th St., Ste. 1700
Austin, TX 78701-3941
Telephone:  (512) 692-8700
Facsimile:  (903) 692-8744

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
104 E. Houston St., Ste. 300
Marshall, TX 75670
Telephone:  (903) 923-9000
Facsimile:  (903) 923-9099


**WARD & OLIVO**

John W. Olivo, Jr.
olivoj@wardolivo.com
John F. Ward
wardj@wardolivo.com
David M. Hill
hilld@wardolivo.com
Robert G. Graham
grahamr@wardolivo.com
380 Madison Ave.
New York, NY  10017
Telephone: (212) 697-6262
Facsimile: (212) 972-5866

**THE WARE FIRM**

Leslie D. Ware
lware@thewarefirm.com
Texas State Bar No. 00785179
Eric S. Tautfest
etautfest@thewarefirm.com
Texas State Bar No. 24028534
2101 Cedar Springs Blvd
Suite 1900
Dallas, Texas 75201
Telephone: (214) 744-5000

**ATTORNEYS FOR PLAINTIFF,
FOTOMEDIA TECHNOLOGIES, LLC**

<u>**CERTIFICATE OF CONFERENCE**</u>

This certifies that counsel for FotoMedia has complied with Local Rule CV-7(h) meet and confer requirements. Counsel for the Website Defendants and Telco Defendants have indicated that they oppose this motion. The personal conference was conducted on August 4, 2009. I, Gary Kitchen, along with counsels Ivan Wang and Robert Graham for FotoMedia, and counsels for the Website Defendants and Telco Defendants who remain in the suit participated on a teleconference. The parties discussed this motion and could not reach an agreement regarding the objections, the terms herein, and the reconsideration of the same. Discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.


 */s/ Gary Kitchen*
Gary Kitchen


<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on this the 5th day of August, 2009.


 */s/ Robert M. Manley*
Robert M. Manley